[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFF'S MOTION FOR ORDER
For the following reasons, the motion for order is denied. As part of the judgement that entered in this case on September 10, 1998, the defendant's interest in the marital residence was transferred to the plaintiff and the defendant received a second mortgage on the property. The plaintiff requests an order requiring the defendant to subordinate this second mortgage to a new, first mortgage having a higher principal than the existing mortgage. The defendant objects to this motion on the ground that it seeks to modify an order making a property distribution in violation of C.G.S. Sec. 46b-86. The court denies the motion CT Page 465 without reaching the question whether a lien securing a property division award is itself non-modifiable under Section 46b-86. Although the court is sympathetic to the equities of the plaintiff's situation in light of her financial circumstances and the substantial equity that would still exist in the property even after the refinancing, no facts have been presented to justify disturbing the finality of the court's judgment. There has not been any substantial change of circumstances to support a modification; see generally, Sec. 46b-86; and the judgement could have, but did not, provide for a right to subordinate the defendant's mortgage. The court rejects the plaintiff's argument that her request merely involves an articulation or an enforcement of the court's order, rather than a modification of it. Under these facts, the defendant is entitled to the equity cushion bargained for under the parties' separation agreement and as ordered as part of the judgment. It is unfortunate that the husband refuses to be more cooperative, and certain extreme circumstances may require the court to exercise equitable discretion to modify a judgment despite the statutory criteria. However, this case does not present such a situation.
So ordered.
This 20th day of January, 1998.
Stevens, J.